AMADO APONTE BETANCOURT ET AL., Plaintiffs and Appellants, v. ROBERTO MELÉNDEZ RODRÍGUEZ, Defendant and Appellee.

No. 334.    Decided March 8, 1963.

*Luis A. Catoni Antonetti* for appellants. *Rieckehoff & Vargas* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

Mr. Justice Belaval delivered the opinion of the Court.

It is an admitted fact in this action that on November 29, 1958 Matilde Moreno de Aponte went shopping to the establishment of Roberto Meléndez Rodríguez, appellee herein, who is engaged in the operation of a grocery business under the name of "Colmado Central" situated on Avenida Central of Caparra Terrace; that while she was in that establishment she slipped on a banana peeling and fell to the floor, receiving several injuries. The trial court disallowed compensation on the ground that appellant had failed to show that appellee had constructive knowledge of the existence of such dangerous matter on the floor of his establishment.

The law applicable to the case is § 1802 of the Civil Code of Puerto Rico (1930), as amended by Act No. 28 of June 9, 1956 (Sess. Laws, p. 86), which provides: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." As we know, the amendment consisted in adding the second sentence to the original section.

■ In *Gutiérrez* v. *Bahr*, 78 P.R.R. 451, 452 (Belaval, 1955)—the facts of which occurred in 1952—we held that "It is a universal legal principle that when a person or an enterprise maintains a public place of business for the purpose of transacting business in the premises for his or its own benefit, he or it is bound to maintain it in such safe a condition that one who is induced to enter the premises will not suffer any damage." This case involved injuries produced by an electric fan installed in the ceiling. In *Goose* v. *Hilton Hotels*, 79 P.R.R. 494, 500(2) (Snyder, 1956)—the facts of which occurred in 1951—we held that: "The customer in a store, for instance, generally expects that the aisles and passage ways open to customers are free from obstructions, pitfalls, and *slippery spots*. Since this is so, clearly visible conditions may often be unreasonably dangerous to the customer because he is in fact not likely to observe them." This case involved injuries sustained on a wet stairway installed in a hotel. In *Santaella* v. *Licari*, 83 P.R.R. 855, 866, 867 (Rigau, 1961)—the facts of which occurred in 1955—we held: "A door is not an intrinsically dangerous object per se ... However, the rule varies in the case of doors which open into halls or corridors and stairways and the injured party is neither entering nor leaving by the door but is walking through the hall or stairway at the moment he is struck by the door .... Under these circumstances, to have a door, which upon being used normally, functions in such a manner as to injure the persons who are walking with ordinary care along a hall or a stairway, constitutes lack of the care due the public and it entails liability." In *Weber* v. *Mejías*, 85 P.R.R. 72, 75 (Per curiam. 1962)—the facts of which occurred in 1956—we held: "The occupier's duty to the invitee is one of due care under all circumstances .... In addition, the occupier owes the duty of care to inspect his premises and to discover dangerous conditions .... As in negligence cases generally, the invitor may be held even though there was no default in in-

spection, if the injury may be traced to faulty construction or other negligence in creating the dangerous condition, or to the failure to take reasonable precautions to protect invitees from dangers foreseeably attendant on the arrangement or the use of the premises." This case involved injuries sustained in descending a smooth stairway installed in an apartment house in which a dress shop had been established. As may be seen, regardless of the "area of invitation" in a business open to the public, the main duty of maintaining the place safe corresponds to the owner of the business or to the property owner.

■ In this case the owner of the grocery store seeks to establish a defense of liability because of the fact that appellant's evidence failed to establish that the owner of the grocery store had had sufficient time to realize that there was dangerous matter on the floor. As a matter of fact, appellee offered no evidence in this case. In view of the present state of our case law and of the 1956 amendment to our Act which only recognizes as defense of liability, and solely for the purposes of reducing the indemnity, the concurrent imprudence of the aggrieved party, we do not believe that such a defense may prosper in the case of a blameless damage.

The judgment rendered on reconsideration will be reversed.